# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. PENROSE COLLATERAL, LLC, a Domestic Limited Liability Company, d/b/a PENROSE PAWNSHOP 2, and<br>2. MICHAEL ERIC GARMAN, Managing Member,<br><br>Plaintiffs,<br><br>v.<br><br>1. THE CITY OF TULSA, Oklahoma, ex rel. Tulsa Police Department;<br>2. WENDELL FRANKLIN, individually and as the Chief of Police, Tulsa, Oklahoma;<br>3. THOMAS SHOCKLEY, individually and in his capacity as an Officer with the Tulsa Police Department, Oklahoma;<br>4. TULSA POLICE DEPARTMENT,<br><br>Defendants. | Civil Action No. 24-cv-00209-CDL<br><br>DEMAND FOR JURY TRIAL |

## VERIFIED COMPLAINT

The Plaintiffs, by and through their attorneys, LKDLAW, P.C., by Laurence K. Donahoe, and CONRADY LAW, PLLC, by James A. Conrady, as Co-Counsel, and for their causes of action and claims for relief against the above-named Defendants make the following statements and allegations:

## PARTIES

1. The Plaintiff, Penrose Collateral, LLC, is an Oklahoma Domestic Limited Liability Company formed January 26, 2022, and in good standing with the Oklahoma Secretary

1

of State, and is currently doing business as Penrose Pawnshop 2 located at 4901 S. Sheridan Road, City and County of Tulsa, Oklahoma. The Plaintiff, Michael Eric Garman, is a Managing Member of the LLC. Said parties are hereinafter referred to as "Plaintiffs".

2. Penrose Pawnshop 2 is properly licensed by the Oklahoma Department of Consumer Credit ("ODCC"), and is authorized to buy, pawn and sell items sold or pledged to the pawnshop. As a pawnshop subject to the regulation of ODCC, upon the receipt of property obtained by purchase or pledge, is vested with a legally protected property interest in that property. At all times material to this action, Plaintiffs operated a licensed pawnshop within the Corporate City Limits of the City of Tulsa, in the County of Tulsa, State of Oklahoma.

3. The Defendant City of Tulsa, is a municipality located in Tulsa County, Oklahoma. The City of Tulsa has a mayor council form of government in place since 1989, at which time Tulsa converted from a city commission form of government.

4. The Defendant, Wendell Franklin, is an individual and is Chief of Police, City of Tulsa, County of Tulsa, State of Oklahoma.

5. The Defendant, Thomas Shockley, is an individual and Officer with the Tulsa Police Department, City of Tulsa, County of Tulsa, State of Oklahoma.

6. The Defendant, Tulsa Police Department, is a necessary party as Plaintiffs have had similar problems arise with the Tulsa Police Department and as a result thereof is a named Defendant to be bound by any actions of this Court.

**JURISDICTION AND VENUE**

7. This action arises under the United States' Constitution, particularly under the

provisions of the Fourth (4th), Fourteenth (14th), and the Due Process Clause of the Fifth (5th) Amendment, and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. § 1983, Rule 57 (Declaratory Judgment) and Rule 65 (Injunctions and Restraining Orders) of the Federal Rules of Civil Procedure, and applicable State Statutes and common law of the State of Oklahoma.

8. This Honorable Court has jurisdiction under and by virtue of 28 U.S.C. § 1343, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and applicable Oklahoma State Statutes, including Title 59 O.S. § 1501 et. seq., known as the Oklahoma Pawnshop Act. All claims are interrelated and arise out of the same conduct and occurrences.

9. Venue is proper before this Court pursuant to 28 U.S.C. § 1391, in that all Defendants reside within the State of Oklahoma and one or more live in this District, and all events and actions by the Defendants giving rise to Plaintiffs' claims arose within this District.

## FACTUAL STATEMENTS

10. At all times material to this Complaint, the Defendants were acting under color of law and were implementing state and/or municipal law and/or official policy or custom of the City of Tulsa, State of Oklahoma.

11. On March 14, 2024, Tulsa Police Officer, Thomas Shockley, entered the Tulsa location of the Penrose Pawnshop 2 and made the warrantless seizure of a firearm described as a Ruger model sr9c, serial number 33275165.

Incorporation of the Facts Set Forth Above

12. For all legal claims set forth below, Plaintiffs re-allege the facts described in the

paragraphs above and incorporate those facts by reference.

## CLAIMS FOR RELIEF

### COUNT I:

**Violation of Plaintiffs' Constitutional Rights Under the 4th, 5th, and 14th Amendments to the U.S. Constitution and Title 59 O.S. § 1501 et. seq., of the Oklahoma Statutes: Unlawful and Warrantless Seizure of Property**

13. Title 59 of the Oklahoma Statutes § 1508(B) provides:

"Whenever a peace officer has probable cause to believe that property in possession of a licensed pawnbroker is stolen or embezzled, the peace officer of the local law enforcement agency of the municipality or other political subdivision in which the pawnshop resides may place a written hold order on the property. The initial term of the written hold order shall not exceed thirty (30) days. However, the holding period may be extended in successive thirty (30) day increments upon written notification prior to the expiration of the initial holding period. If the holding period has expired and has not been   extended, the hold order shall be considered expired and no longer in effect, and title   shall vest in the pawnbroker subject to any restrictions contained in the pawn contract.  The initial written hold order shall contain the following information:

1. Signature of the pawnbroker or designee;

2. Name, title and identification number of the peace officer placing the hold order;

3. Name and address of the agency to which the peace officer is attached and the offense number;

4. Complete description of the property to be held, including model number, serial number and transaction number;

5. Name of agency reporting the property to be stolen or embezzled;

6. Mailing address of the pawnshop where the property is held; and

7. Expiration date of the holding period."

14. Title 59 of the Oklahoma Statutes § 1508(C) provides:

> "While a hold order is in effect, the pawnbroker may consent to release, upon written receipt, the stolen or embezzled property to the custody of the local law enforcement agency to which the peace officer placing the hold order is attached. The consent to release the stolen or embezzled property to the custody of law enforcement is not a waiver or release of the pawnbroker's property rights or interest in the property. Otherwise, the pawnbroker shall not release or dispose of the property except pursuant to a court order or the expiration of the holding period including all extensions. The district attorney's office shall notify the pawnbroker in writing in cases where criminal charges have been filed that the property may be needed as evidence. The notice shall contain the case number, the style of the case, and a description of the property. The pawnbroker shall hold such property until receiving notice of the disposition of the case from the district attorney's office. The district attorney's office shall notify the pawnbroker in writing within fifteen (15) days of the disposition of the case. Willful noncompliance of a pawnbroker to a written hold order shall be cause for the pawnbroker's license to either be suspended or revoked pursuant to paragraph 2 of subsection B of Section 1507 of this title. A hold order may be released prior to the expiration of any thirty-day holding period by written release from the agency placing the initial hold order."

15. The search and seizure of Penrose Pawnshop 2 was without a warrant or probable cause to believe that property in the possession of the pawnshop was either stolen, embezzled, or otherwise held unlawfully. It was based solely upon the premise that the firearm had been pawned by a previously convicted felon. Such a condition does not support a warrantless seizure and compulsory release of property to law enforcement under current Federal and State Constitutional laws. These actions result in a deliberate violation of Plaintiffs' legally protected civil rights. Furthermore, the seizure compelled the Plaintiffs to release property they were not otherwise obligated to relinquish under the Oklahoma Pawnshop Act. On information and belief, Officer Shockley was acting in conformity with the policies and customs of the City of Tulsa and its governing authorities, when the illegal search and seizure was conducted in Plaintiffs'

pawnshop.

16. Obtaining property without the use of a warrant from a pawnshop by threatening criminal prosecution is in direct contravention to the rights and privileges guaranteed to Plaintiffs by the United States Constitution, the Constitution of the State of Oklahoma, the Oklahoma Statutes and well-established federal law.

17. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." (Soldal v. Cook County, Ill., 506 U.S. 56, 113 S. Ct. 538, 540 (1992) (quoting United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656 (1984))). This Constitutional protection extends to an individual and private property even when not suspected of criminal activity. (Camara v. Municipal Court, 387 U.S. 523 (1967)).

18. When the officer entered the pawnshop, it was for the express purpose of seizing the above-described firearm. Upon demand for the Plaintiffs' property by the officer, and under the threat of arrest should he resist, the store manager in attendance contacted Plaintiff Eric Garman by telephone. Mr. Garman instructed the manager not to resist the confiscation of the property and to diffuse the situation. The officer then removed the Plaintiff's property from the premises. The officer did not have a lawful right to seize the property. The actions of the officer clearly fall within the guidelines of a "seizure" as expressed in Soldal.

19. Plaintiffs have a constitutionally protected property interest in items held in pawn. Warrantless seizure of the firearm under the facts and circumstances of this matter is in direct violation of the 4th Amendment. There was no reason the officer could not have executed a statutory 30-day hold on the property and sought to obtain a warrant prior to the seizure. The

importance of following established due process procedures is fundamental.

20. The actions of the Defendants violated the 5th Amendment's Due Process Clause which requires at a minimum that deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case. Due Process requirements are designed to protect individuals from exactly what has taken place in this matter and intended to outline certain guidelines that a government must follow before depriving an individual of life, liberty, or property.

21. On information and belief, the Defendants have engaged in a pattern and practice grounded within their ordinances, customs or policies of ignoring the terms and requirements as set forth in the Oklahoma Pawnshop Act relative to the disposition, recovery, and investigation of property held in pawn. The Defendants chose instead to invoke the threat of potential criminal charges against the pawnshop owner/employee under 21 O.S. §§ 1092 and 1093, to obtain immediate possession and control of the property without a warrant or other lawful notice.

### COUNT II

### Violation of the Oklahoma Pawnshop Act

22. The Defendant, City of Tulsa, has enacted Municipal Ordinances found in Chapter 11 Section 1100, et. seq., which conflict with the Oklahoma Pawnshop Act, 59 O.S. § 1501, et. seq., and are therefore null and void.

23. A general preemption provision exists in 59 O.S. § 1514, which holds that "Municipalities may enact ordinances which are in compliance with but *not more restrictive than the provisions of the Oklahoma Pawnshop Act*, Section 1501 et. seq. of Title 59 of the Oklahoma

Statutes. *Any existing or future order, ordinance or regulation which conflicts with this provision shall be null and void.*" (emphasis added).

24. Tulsa Ordinance Ch. 11 Section 1102 holds:

> **Place of business**. The place of business of a pawnbroker shall be construed to mean and include the entire room, building, place, space or establishment in which such business is conducted or carried on, including basements and balconies, which is not separated entitrely from any adjoining room or place of business by an unpierced solid wall. Every place having one (1) principal entrance or exit, wherein such business is conducted, shall be considered a pawnshop, regardless of whether another business is also conducted therein.

25. Section 1102 is more restrictive than the Oklahoma Pawnshop Act and is therefore null and void.

26. Tulsa Ordinance Ch. 11 Section 1103 holds (in pertinent part):

> **Examination and inspection**. All sworn police officers of the City of Tulsa are hereby authorized to inspect the books, accounts, papers, correspondence, records, and property taken, purchased or received. Such inspection shall be permitted without the need for judicial writ or other process. A police officer shall have free access to the office, place of business, files, safes and vaults of pawnshops and shall have the right to make copies of any books, accounts, papers, correspondence and records insofar as they pertain to the business regulated by this chapter or by the Oklahoma Pawnshop Act.

27. Section 1103 is more restrictive than the Oklahoma Pawnshop Act in that it requires the Plaintiffs and similarly situated pawnshops to make anything and everything connected with their operations available to any police officer who happens to entertain a notion to drop by the location.

28. The Oklahoma Pawnshop Act does not create such unbridled, whimsical, and unaccountable access to any of the Plaintiffs' records. Section 1515 of the Act limits access to

buy or pawn transactions, and only after request for such records is made to the pawnbroker by the officer. Therefore, this Section is null and void.

29. Tulsa Ordinance Ch. 11 Section 1104(A) and (C) hold:

> A. **Buy Transactions**. Every pawnbroker shall *cause to be delivered to the Chief of Police or his designee*, either by delivery or deposit in the United States Mail, a copy or report of any buy transaction, and such copy or report shall be in the possession of the appropriate police personnel within three (3) days of the transaction . . . " (emphasis added)
>
> C. **Pawn Transactions**. Every pawnbroker shall *cause to be delivered to the Chief of Police or his designee*, either by delivery or deposit in the United States Mail, a copy or report of any buy transaction, and such copy or report shall be in the possession of the appropriate police personnel within three (3) days of the transaction . . . " (emphasis added)

30. By contrast, the Oklahoma Pawnshop Act, Section 1515 provides in relevant part:

> A. Any pawnbroker shall *make available* a copy or report . . . to the local law enforcement agency of the municipality or other political subdivision in which the pawnshop is located . . . " (emphasis added).

31. The delivery by Plaintiffs as required by Ch. 11 Section 1104 is clearly more restrictive than the requirement in the Oklahoma Pawnshop Act, which does not require any such delivery by the Plaintiffs, and this Section is therefore null and void.

32. Each of the foregoing sections of the Defendant City of Tulsa Ordinances are invalid, but even if this Court should find that some sections survive, they are not susceptible to partial salvaging by severance due to numerous substantive provisions being more restrictive than permitted by the Oklahoma Pawnshop Act, and the entire ordinance should be declared null and void.

## Lack of a Legal Remedy

33. Plaintiffs' harm is ongoing and cannot be alleviated except by declaratory and injunctive relief. No other remedy is available at law.

## RELIEF REQUESTED

As a result of the above and foregoing allegations, Plaintiffs are entitled to any and all relief against these Defendants, and each of them, jointly and severally, as allowed by law; to wit:

**A**. Money damages for the violation of Plaintiffs' rights as allowed by law, against any or all of the Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be determined by a jury;

**B**. An Order enjoining the Defendants from conducting warrantless searches and/or seizures against Plaintiffs and any similarly situated business owner in any manner other than that consistent with the United States Constitution and the neutral administrative searches allowed by 59 O.S. § 1501, et seq, including reliance on any State or Federal Statute or Municipal Ordinance;

**C**. A declaratory judgment finding that any State or Federal Statute or Municipal Ordinance which allows or seems to allow the warrantless search or seizure of property from a pawnshop by any means inconsistent with 59 O.S. § 1501, et. seq, the 4th, 5th, or 14th Amendments to the United States Constitution, is unconstitutional;

**D**. Punitive damages;

**E**. An award of attorney fees and the costs of this action; and

**F**. Any other relief, equitable or otherwise, as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for a trial by jury.

| | |
|---|---|
| Dated this 3rd day of MAY, 2024. | Respectfully submitted, |
| LKDLAW, P.C. | CONRADY LAW, PLLC |
| /s/ Laurence K. Donahoe | /s/ James A. Conrady |
| Laurence K. Donahoe, OBA # 2414<br>P.O. Box 31375<br>Edmond OK   73003-0023<br>Phone: (405) 282-1225<br>Email: laurencedonahoelaw@gmail.com<br>Attorney for Plaintiff | James A. Conrady, OBA # 1853<br>6 Pecan Drive<br>Stillwater OK 74075<br>Phone: (832) 330-5620<br>Email: jconrady@hotmail.com<br>Co-Counsel for Plaintiff |

## VERIFICATION

STATE OF OKLAHOMA,      )
                        )
COUNTY OF TULSA,        )

Michael Eric Garman, of lawful age and being first duly sworn upon oath, states:

I am one of the Plaintiffs in this matter and the Managing Member of Penrose Collateral LLC, d/b/a Penrose Pawnshop 2.

I have read the foregoing instrument and state that all statements contained therein are true and correct according to my best information and belief.

_____
Michael Eric Garman, Plaintiff

Subscribed and sworn to before me on April 29, 2024, by Michael Eric Garman, Plaintiff above named.

_____
Notary Public

(Notary Seal: KENNETH WILLIAM ALLWEIN, NOTARY PUBLIC, STATE OF OKLAHOMA, #23003942, EXP. March 21, 2027)

12